RECEIVED

OCT 2 7 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LOUIS JAMES THIBODEAUX | CIVIL ACTION NO. 06-1781 |
| VS. | JUDGE HAIK |
| PHILLIP MORRIS INC. | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION FOR HOSPITAL RECORDS
*(Rec. Doc. 8)*

Before the court is a motion for hospital records filed by *pro se* plaintiff Louis James Thibodeaux on October 20, 2006.[1] Plaintiff seeks an order requiring Doctor's Hospital and/or General Hospital in Opelousas, Louisiana to produce death certificates and all other hospital records concerning Charles and Pearl Marie Thibodeaux.

Rule 26(d) of the Federal Rules of Civil Procedure states, in part, that "[e]xcept in categories of proceedings exempted from initial disclosure ... or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

In this case, no scheduling order has been issued, and no Rule 26(f) conference has been conducted. Furthermore, it does not appear that the parties have made initial disclosures, or that they have agreed to begin the discovery process prior to the Rule 26(f) conference, nor has there been a court order allowing discovery to proceed prior to the Rule 26(f) conference. In fact, the delay for the filing of defendant Phillip Morris, Inc.'s answer has not yet lapsed, and defendant has yet to make an appearance in this case.

---

[1] Rec. Doc. 8.

Once the Rule 26(f) conference has been conducted and the parties are free to begin the discovery process, plaintiff may re-urge the instant motion.[2] However, the court notes for the benefit of pro se plaintiff that there are certain mandatory procedures that must be followed in Louisiana with regard to requests for hospital records. Article 1469.1 of the Louisiana Code of Civil Procedure, as amended and rewritten by Acts 1995, No. 1250, §1, states:

> No order, subpoena, or subpoena duces tecum for the purpose of obtaining or compelling the production or inspection of medical, hospital, or other records relating to a person's medical treatment, history, or condition, including a subpoena or order issued under Article 1463 and including a subpoena compelling the attendance of the custodian of records or other employee of the health care provider, either by name, title, or position, in connection with such production, shall be granted or issued except as provided in R.S. 13:3715.1.

La.C.Civ.Proc. Art. 1469.1.

Furthermore, La.Rev.Stat. §13:3715.1(B), as amended by Acts 1995, No. 1250, §2, provides in pertinent part:

> B. The exclusive method by which medical, hospital, or other records relating to a person's medical treatment, history, or condition may be obtained or disclosed by a health care provider, shall be pursuant to and in accordance with the provisions of R.S. 40:1299.96 or Code of Evidence Article 510, or a lawful subpoena or court order obtained in the following manner:
>
> > (2) Any attorney requesting medical records of a patient, who is not a party to the litigation in which the records are being sought may obtain the records by written authorization of the patient whose records are being sought or if no such authorization is given, by court order, as provided in Paragraph (5) hereof.
>
> > [. . .]
>
> > (5) A court shall issue an order for the production and disclosure of a patient's records regardless of whether the patient is a party to the litigation, only: after a contradictory hearing with the patient, or, if represented, with his counsel of

---

[2] The undersigned notes that death certificates are a matter of public record and, therefore, need not be sought from a hospital.

record, or, if deceased, with those persons identified in Paragraph (3) hereof, and after a finding by the court that the release of the requested information is proper; or with consent of the patient.

La.Rev.Stat. 13:3715.1(B). See also Davis v. American Home Products Corp., 727 So.2d 647, 649-50 (La. App. 4th Cir. 1999) ("[a]bsent the existence of a statutory exception, permission from the non-party patients, or a contradictory hearing, the medical records of non-party patients are not discoverable in Louisiana.").

The undersigned notes that any future motion for the production of hospital records must comply with the foregoing statutory provisions, and that no order permitting the release of requested records will be issued until all of the requirements in the foregoing rules have been satisfied.

**IT IS HEREBY ORDERED** that plaintiff's motion for hospital records is **DENIED AS PREMATURE.**

Signed at Lafayette, Louisiana on October 27, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)